01

02

03

04

05

06          UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
07               AT SEATTLE

08  MARK C. CHRISTENSON,              )     CASE NO.: C06-1125-MJP
                                      )
09          Plaintiff,                )
                                      )
10     v.                             )     REPORT AND RECOMMENDATION
                                      )
11  SAFEWAY FOOD AND DRUG,            )
                                      )
12          Defendant.                )
    _____  )

13

14              INTRODUCTION AND SUMMARY CONCLUSION

15          Plaintiff Mark C. Christenson submitted an *in forma pauperis* (IFP) application, but failed

16  to include a Written Consent for Payment of Costs form.  (Dkt. 1.)  Plaintiff included with his

17  application a one-page "Complaint" listing the terms "Theft," "Negligence," and "Slander" in the

18  caption.  (*Id.*)  The complaint contained no further information regarding plaintiff's claims.  Nor

19  did it provide a request for relief or basis for jurisdiction in this Court.  Plaintiff also submitted a

20  letter noting that "appellate actions have been appealed[]" and stating: "Your eastern sister tells

21  me of agreement on forms between the courts.  As I am want of your anchor's handiwork please

22  accept the filled out photostatic forms headed with the courts moniker for your record."  (*Id.*)

REPORT AND RECOMMENDATION
PAGE -1

01       The Court issued a Minute Order directing plaintiff to submit a signed Written Consent for

02  Payment of Costs form within thirty days. (Dkt. 2.)  The Court also advised plaintiff to submit

03  a revised complaint addressing the basis for jurisdiction and venue in this Court and providing

04  sufficient detail regarding his claims. (*Id*.)

05       Plaintiff submitted a number of documents following the issuance of the Minute Order.

06  (*See* Dkts. 3, 5-11.)  None of those submissions included a Written Consent for Payment of Costs

07  form, a revised complaint, or any further detail regarding plaintiff's claims or the basis for

08  jurisdiction in this Court.  Instead, like the proposed complaint, the various documents submitted

09  by plaintiff lack substance: "Emblazonment[:] Appeal prosecution forbids my communication with

10  this court as regards this action[.]" (Dkt. 5); stating "Objecta restated" and listing complaints

11  about an "Unanswered petition for writ[.]" (Dkt. 6.)

12       Under 28 U.S.C. § 1915(e)(2)(B), the Court may deny an application to proceed IFP and

13  should dismiss an action if, among other things, it is frivolous or the complaint fails to state a claim

14  upon which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); *O'Loughlin v. Doe*, 920

15  F.2d 614, 616 (9th Cir. 1990).  An action is frivolous if "it lacks an arguable basis either in law or

16  in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

17       Here, plaintiff fails to allege any facts to place defendant on notice of the nature of his

18  claims, to request any relief, or to provide any basis for jurisdiction in this Court.  *See* Fed. R. Civ.

19  P. 8(a). Because this action appears frivolous and fails to state a claim upon which relief can be

20  granted, it is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil

21  Procedure 12(b)(6).

22       It should also be noted that two other actions simultaneously filed by plaintiff in this Court

REPORT AND RECOMMENDATION
PAGE -2

01 have been deemed frivolous. *See Christenson v. Municipal Court of Seattle*, No. C06-1124JLR

02 (Dkt. 10) and *Christenson v. Washington State Supreme Court*, No. C06-5454RBL (Dkt. 6). The

03 Court advises plaintiff of his responsibility to research the facts and law before filing an action to

04 determine whether his action is frivolous.  If he files a frivolous action, he may be sanctioned. *See*

05 Fed. R. Civ. P. 11.  The court would likely impose a sanction of dismissal on any frivolous action.

06 If plaintiff files numerous frivolous or malicious actions, the court may bar him from proceeding

07 IFP in this court.  *See DeLong v. Hennessey*, 912 F.2d 1144, 1146-48 (9th Cir. 1990) (discussing

08 bar order requirements).

09         Accordingly, because of the deficiencies in plaintiff's IFP application and complaint, his

10 request to proceed IFP should be denied and this action dismissed without prejudice.    *See* 28

11 U.S.C.  §  1915(e)(2)(B).    A proposed Order of Dismissal accompanies this Report and

12 Recommendation.

13         DATED this 26th day of September, 2006.

14

15 _____
   Mary Alice Theiler
16 United States Magistrate Judge

17

18

19

20

21

22

REPORT AND RECOMMENDATION
PAGE -3